# IN THE COURT OF APPEALS OF IOWA

No. 22-2053
Filed March 8, 2023

**IN THE INTEREST OF M.M. and B.M.,**
**Minor Children,**

**A.M., Mother,**
   Appellant.
_____

   Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, District Associate Judge.


   The mother appeals from the permanency order in this child-in-need-of-assistance proceeding. **AFFIRMED.**


   J. Joseph Narmi, Council Bluffs, for appellant mother.

   Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

   Amy E. Garreans of Garreans Law LLC, Council Bluffs, attorney and guardian ad litem for minor children.

   Roberta J. Megel of the State Public Defender Office, Council Bluffs, for father.


   Considered by Greer, P.J., Chicchelly, J., and Vogel, S.J.*

   *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

The mother appeals from the permanency order that maintained custody and care of two of her children—B.M., born in 2016; and M.M., born in 2011—with their father. The Iowa Department of Health and Human Services (HHS) has been intermittently involved with this family since 2012 due to concerns of domestic violence, physical abuse, substance abuse, withholding food, and lack of medical care.

The current proceeding began with a report to HHS in September 2021 about insufficient food in the home where the mother lived with the children. After about one month of investigation, HHS obtained an order to remove M.M. from the mother's custody and care due to her failure to provide adequate medical care for M.M.'s diabetes. However, the mother said she was out of town at the time, and HHS was unable to immediately locate and remove M.M.

A few days later, HHS learned the mother went out of town for the weekend and left the children home alone with a thirteen-year-old half-sibling, who is not part of this appeal. HHS then located and removed both children from the mother and placed them with the father.

The juvenile court adjudicated the children as in need of assistance in December 2021. The most recent permanacy hearing occurred on November 21, 2022. In the ensuing order, the court denied the mother's request to return the children to her and ordered the children remain with the father. The mother appeals.

> We review child-in-need-of-assistance proceedings de novo. We review the facts and the law and "adjudicate rights anew." We give weight to the juvenile court's factual findings, but aren't bound

> by them. The paramount consideration in child-in-need-of-assistance proceedings is protecting the best interests of the children.

*In re D.D.*, 955 N.W.2d 186, 192 (Iowa 2021) (internal citations omitted).

The juvenile court has several options following a permanency hearing, including returning the children to their home or transferring sole custody of the children from one parent to the other. Iowa Code § 232.104(2)(a), (d)(1) (2022). The preferred option is to return the children to the same home from which they were initially removed. *In re A.T.*, 799 N.W.2d 148, 151 n.6 (Iowa Ct. App. 2011). However, "a child cannot be returned to the parent . . . if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992).

We recognize the mother has made progress, including training for M.M.'s diabetes care, and participated in a court ordered mental-health evaluation and treatment. Nonetheless, the State proved the children would not be safe if returned to her care.

The mother's own mental-health struggles interfere with her ability to properly care for the children given their young age and M.M.'s medical challenges. The mother's visitation with the children remains fully supervised twice per week. At the recommendation of M.M.'s therapist, visitation with M.M. was recently changed to only in a therapeutic setting, and the mother has yet to locate a suitable provider. Furthermore, the visitation supervisor continues to report problems during visitation, including the mother speaking negatively about the father and excessively discussing the case with providers instead of focusing on the children.

Much of the mother's petition on appeal focuses on the father's ability to safely care for the children. We are also concerned about the children's safety in the father's home, especially after an October 2022 incident that led to a founded child abuse assessment. The abuse occurred in the father's home and was perpetrated upon B.M. by a sixteen-year-old half-sibling. To the father's credit, the record shows he and his wife took immediate action and are cooperating with HHS. At the time of the hearing, the half-sibling was in detention and criminal charges had been filed.

Regardless of any hesitancy about the safety of the father's home, the question before us is whether the children can be safely returned to the mother's home. *See* Iowa Code § 232.104(2); *M.M.*, 483 N.W.2d at 814. We agree with the juvenile court that the State proved the children could not be safely returned to the mother at the time of the hearing.

**AFFIRMED.**